Norman C. Kleinberg
Theodore V. H. Mayer
William J. Beausoleil
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004-1482
(212) 837-6000

Paul F. Strain
M. King Hill, III
David J. Heubeck
VENABLE LLP
750 East Pratt Street, Suite 900
Baltimore, Maryland 21202
(410) 244-7400

*Attorneys for Defendant Merck & Co., Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: FOSAMAX PRODUCTS LIABILITY LITIGATION | |
| *This Document Relates to:* | MDL NO. 1789<br>1:06-md-1789 (JFK) |
| *John Casey, Individually and as Administrator of the Estate of Ora Casey v. Merck & Co., Inc.*<br>Case No: 1:08-cv-00896-JFK | |
| *Roberta and Thomas Brodin v. Merck & Co., Inc.*<br>Case No. 1:07-cv-03466-JFK | |
| *Dorothy C. DeLoriea v. Merck & Co., Inc*<br>Case No. 1:08-cv-09728-JFK | |
| *Rebecca Quarles and Robert Schnurr, her husband v. Merck & Co., Inc.*<br>Case No. 1:07-cv-11334-JFK | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MERCK & CO., INC.'S MOTION FOR SUMMARY JUDGMENT**

Defendant Merck & Co., Inc. ("Merck"), through its undersigned counsel, moves for summary judgment on all claims advanced by plaintiffs John Casey ("Casey"), Roberta and Thomas Brodin ("Brodin"), Dorothy DeLoriea ("DeLoriea"), and Rebecca and Robert Quarles ("Quarles") (collectively, "Plaintiffs"). Summary judgment should be granted because Plaintiffs' claims are time-barred by the applicable two-year statute of limitations.

## UNDISPUTED MATERIAL FACTS[1]

Plaintiffs are all citizens and residents of the State of Virginia, who filed suit in the United States District Court for the Southern District of New York, under the federal courts' diversity jurisdiction. (Rule 56.1 Statement ¶ 1; Exs. 1-4, respectively, Casey Compl. ¶¶ 1, 3; Brodin Compl. and Docket Sheet ¶ 1, 3;[2] DeLoriea Compl. ¶ 1; Quarles Compl. ¶ 1.)[3] These plaintiffs seek damages based on allegations that Fosamax caused osteonecrosis of the jaw ("ONJ") or some other jaw-related injury. (Rule 56.1 Statement ¶ 2; Exs. 1-4, respectively, Casey Compl. ¶ 8; Brodin Compl. ¶¶ 12, 15; DeLoriea Compl. ¶¶ 12, 15; Quarles Compl. ¶¶ 12, 15.)

The undisputed facts relating to the timeliness of each Plaintiff's claims are set forth below:

---

1. For purposes of this summary judgment motion only, Merck does not dispute the allegations contained in Plaintiffs' complaints or Plaintiff Profile Forms.

2. We note that although the Brodin Complaint initially states that "[p]laintiff is a resident of the State of Arizona," (Ex. 2, Brodin Compl. and Docket Sheet ¶ 1), the Complaint later states "[a]t all relevant times Plaintiff was a resident of Fairfax, VA . . . ." (*Id.* ¶ 3.) The discrepancy appears to be an error on part of Plaintiff's counsel as the same Complaint later inexplicably refers to "Plaintiff David Tundell." (*Id.* ¶ 12). Brodin's PPF confirms that she resides in Virginia. (Ex. 6, Brodin PPF, § II.H.)

3. References throughout this memorandum to "Ex. __" refer to the correspondingly numbered exhibit attached to the Declaration of William J. Beausoleil filed by Merck concurrently with and in support of Merck's Motion for Summary Judgment.

***Plaintiff Casey***: Plaintiff Casey, who brought this action for damages on his own behalf and on behalf of the estate of his wife who died on December 31, 2007 (Rule 56.1 Statement ¶ 4; Ex. 5, Casey PPF, § I.C.), alleges that his wife sustained injuries related to Fosamax more than three years before this lawsuit was filed. In the sworn Plaintiff Profile Form ("PPF") that he completed for his wife's injury, Casey attests that his wife developed ONJ and "Jaw Rot" in June of 2004 and was diagnosed with those conditions in December 2004. (Rule 56.1 Statement ¶ 5; Ex. 5, Casey PPF, § I.D.2, at 3.) Casey did not file this lawsuit until January 25, 2008. (Rule 56.1 Statement ¶ 6; Ex. 1, Casey Compl.)

***Plaintiff Brodin***: Plaintiff Brodin claims that she sustained injury related to Fosamax on March 1, 2004, and that necrotic bone in her mandible and maxilla was noted on December 30, 2004. (Rule 56.1 Statement ¶ 7; Ex. 6, Brodin PPF, § I.D.2, at 3.) Brodin filed suit on May 1, 2007 (Rule 56.1 Statement ¶ 8; Ex. 2, Brodin Compl. and Docket Sheet), more than three years after her initial injury.

***Plaintiff DeLoriea***: Plaintiff DeLoriea alleges that she developed Osteomyelitis of the Jaw and ONJ as a result of her use of Fosamax. (Rule 56.1 Statement ¶ 9; Ex. 7, DeLoriea PPF, § I.D.2, at 3.) DeLoriea claims that her injury occurred on May 24, 2004, the date she also attributes to her diagnosis of osteomyelitis. (*Id.*) DeLoriea did not file suit until November 12, 2008 (Rule 56.1 Statement ¶ 10; Ex. 3, DeLoriea Compl.), more than four years after her initial injury.

***Plaintiff Quarles***: In her PPF, Plaintiff Quarles avers that she sustained failure of dental implants and loss of jaw bone as a result of her use of Fosamax. (Rule 56.1 Statement ¶ 11; Ex. 8, Quarles PPF, § I.D.2, at 3.) Quarles states that her dental implant

failure began in October 2003 and that her loss of jaw bone occurred "sometime in 2003." (*Id.*) Quarles states that both conditions were diagnosed on October 31, 2003. (*Id*.) Plaintiff waited to file suit until December 17, 2007 (Rule 56.1 Statement ¶ 12; Ex. 4, Quarles Compl.), more than four years after the date of her alleged injuries.

**ARGUMENT**

The Court should enter summary judgment as to each Plaintiff's claims because those claims are time barred by the applicable two-year limitations period under Virginia law. Merck is entitled to judgment as a matter of law because "there is no genuine issue as to any material fact" relating to the applicability of the statute of limitations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quoting Fed. R. Civ. P. 56(c)); *Mitchell v. Washingtonville Cent. Sch. Dist.*, 190 F.3d 1, 5 (2d Cir. 1999). For purposes of resolving this motion, the only material facts are when each plaintiff was aware of his/her alleged injury and when he/she filed suit. Those facts are undisputed. As a result, summary judgment is warranted.[4]

Plaintiffs filed their respective suits in the Southern District of New York based on diversity jurisdiction. (Rule 56.1 Statement ¶ 1) "[I]t is well established that in diversity cases state law governs not only the limitations period but also the commencement of the limitations period." *Cantor Fitzgerald, Inc. v. Lutnick*, 313 F.3d 704, 710 (2d Cir. 2002) (citing *Ragan v. Merchs. Transfer & Warehouse Co.*, 337 U.S. 530 (1949)). For choice of law purposes, New York's borrowing statute provides that an

4. Plaintiffs cannot avoid summary judgment by simply contending that a factual dispute exists. Rather, they must rebut the evidence presented by Merck by presenting specific facts as opposed to making "conclusory allegations, speculation or conjecture . . . ." *Cifarelli v. Vill. of Babylon*, 93 F.3d 47, 51 (2d Cir. 1996) (citing Fed. R. Civ. P. 56(c) and (e)); *see also Delaware & Hudson Ry. v. Consol. Rail Corp.*, 902 F.2d 174, 178 (2d Cir. 1990) ("Conclusory allegations will not suffice to create a genuine issue.").

action filed by a non-resident of New York (here, Plaintiffs) alleging causes of action arising outside of New York (here, in Virginia) requires application of the shorter of either New York's statute of limitations or of the statute of the state where the cause of action accrued. N.Y. C.P.L.R. §202; *Cantor Fitzgerald Inc. v. Lutnick*, 313 F.3d 704, 710 (2d Cir. 2002); *Hunt v. Enzo Biochem, Inc.*, 471 F. Supp. 2d 390, 399 (S.D.N.Y. 2006).

Plaintiffs' causes of action accrued in Virginia: Plaintiffs resided in, were prescribed Fosamax in, and were allegedly injured in the state of Virginia. (Rule 56.1 Statement ¶ 3; Ex. 1, Casey Compl. ¶¶ 1, 7-8, Ex. 5, Casey PPF, §§ II.H, at 6, VIII.B-C, at 9; Ex. 2 Brodin Compl. ¶¶ 3; 37, 39, Ex. 3 DeLoriea Compl. ¶¶ 3; 37, 39, Ex. 4 Quarles Compl. ¶¶ 3, 37, 39.); *see also In re Zyprexa Prod. Liab. Litig.*, 489 F. Supp. 2d 230, 278-80 (E.D.N.Y. 2007) (in a pharmaceutical products liability action, applying the law of the state with the most significant contacts to plaintiff's claims based on such factors as where the plaintiff was diagnosed or treated). Virginia applies a two-year statute of limitations to personal injury claims, whereas New York applies a three-year limitations period. *Compare* Va. Code. Ann. § 8.01-243(A) *with* N.Y. C.P.L.R. §214(5). Consequently, applying New York's borrowing statute, Virginia's two-year limitations period applies to Plaintiffs' claims because it is shorter than New York's statute of limitations. N.Y. C.P.L.R. § 202.

Under Virginia law, "every action for personal injuries, whatever the theory of recovery, and every action for damages resulting from fraud, shall be brought within two years after the cause of action accrues." Va. Code. Ann. § 8.01-243(A). The statute of

limitations begins to run at the time of initial injury, and additional, subsequent injuries do not extend a plaintiff's time to file suit:

> [A]n injury is deemed to occur, and the statute of limitations period begins to run, whenever any injury, however slight, is caused by the negligent act, even though additional or more severe injury or damage may be subsequently sustained . . . .

*St. George v. Pariser*, 253 Va. 329, 332 (1997), *quoted by Wade v. Danek Med., Inc.*, 182 F.3d 281, 285 (4th Cir. 1999); *see also Joyce v. A.C. and S., Inc.*, 785 F.2d 1200, 1205 (4th Cir. 1986) (stating that "under Virginia law the statute of limitations does not accrue separately for each set of damages which results from a wrongful act") (citing *Brown v. Am. Broad. Co.*, 704 F.2d 1296, 1300 (4th Cir. 1983)). It is well settled under Virginia law that "'in personal injury actions the limitation on the right to sue *begins to run when the wrong is done* and not when the plaintiff discovers that he has been damaged.'" *Hewelette v. Proffer*, 56 Va. Cir. 515 (Cir. Ct. Va. 2001) (quoting *Hawks v. DeHart*, 146 S.E.2d 187, 189 (Va. 1966)). Thus, the limitations period begins to run "at the time of the initial injury, not at the time of diagnosis or discovery." *Wade*, 182 F.3d at 285. The fact that a plaintiff encounters "difficulty in ascertaining the existence of a cause of action is irrelevant." *Comptroller of Va. v. King*, 232 S.E.2d 895, 900 (Va. 1977).

According to their sworn PPFs, each Plaintiff filed suit more than two years after his or her causes of action accrued under Virginia law:

- According to Casey, his wife suffered injury in June 2004 and was diagnosed with ONJ and "Jaw Rot" in December 2004. (*See* Rule 56.1 Statement ¶ 5; Ex. 5, Casey PPF § I.D.2.) Casey waited more than three years, until January 25, 2008 (Rule 56.1 Statement ¶ 6; Ex. 1, Casey Compl.), to file suit.

- According to Brodin, she first sustained injury on March 1, 2004, and necrotic bone was noted on her jaw in December 30, 2004. (*See* Rule 56.1 Statement ¶ 7; Ex. 6, Brodin PPF, § I.D.2, at 3.) She waited more than

three years after her initial injury before filing suit on May 1, 2007. (Rule 56.1 Statement ¶ 8; Ex. 2, Brodin Compl. and Docket Sheet)

- According to DeLoriea, her initial injury occurred on May 24, 2004, the date she was diagnosed with osteomyelitis, and necrotic bone was removed from her jaw on October 29, 2004. (*See* Rule 56.1 Statement ¶ 9; Ex. 7, DeLoriea PPF, § I.D.2, at 3.) She delayed more than four years before filing suit on November 12, 2008. (Rule 56.1 Statement ¶ 10; Ex. 3, DeLoriea Compl.)

- According to Quarles, she sustained injury in 2003 and was diagnosed with jaw bone loss and implant failure on October 31, 2003. (*See* Rule 56.1 Statement ¶ 11; Ex. 8, Quarles PPF, § I.D.2, at 3.) She waited more than four years before filing suit on December 17, 2007. (Rule 56.1 Statement ¶ 12; Ex. 4, Quarles Compl.)

Based on the undisputed record evidence, Plaintiffs' claims are time-barred under Virginia's two year statute of limitations and therefore should be dismissed.

## CONCLUSION

For the foregoing reasons, Merck asks that the Court enter summary judgment as to all claims by each Plaintiff in these cases.

DATED: New York, New York
June 23, 2009

Respectfully submitted,

HUGHES HUBBARD & REED LLP

By:__________/s/____________
Norman C. Kleinberg
Theodore V. H. Mayer
William J. Beausoleil

One Battery Park Plaza
New York, New York 10004-1482
(212) 837-6000

Paul F. Strain
M. King Hill, III
David J. Heubeck
Venable LLP
750 East Pratt Street, Suite 900
Baltimore, Maryland 21202
(410) 244-7400

*Attorneys for Defendant Merck & Co., Inc.*